266 P.2d 499

C. ED LEWIS CO.  v.  DRAGOS.

No. 8072.

Supreme Court of Utah.

Feb. 4, 1954.

Jensen & Richards, Salt Lake City, for appellant.

Harry G. Metos, Salt Lake City, for respondent.

## PER CURIAM.

Plaintiff brought this action for loss of its brokerage fee for sale of certain real estate and for punitive damages claiming that the defendant had caused the loss of commission by making misrepresentations to prospective buyers of the property concerning its boundaries. Affirmed, costs to respondent.

In July 1952, Russell listed his property for sale with plaintiff. Russell's land was adjacent to and south of land owned by the defendant. From plaintiff's testimony it appears that plaintiff at that time had no knowledge that there was a boundary dispute between Russell and Dragos. However, at that time there was an action pending between Dragos and Russell as to the boundary which had then been pending for some time and which is still before this Court. The case had been to this Court and had been remanded to the District Court for further proceedings.[1] Another appeal was taken from the order of the District Court after the remand and is now before this Court.[2]

Plaintiff contacted a prospective purchaser named Brimhall, and Mr. Lewis testified that he took Mr. Brimhall to see the Russell property. Plaintiff contends that Dragos stated to Brimhall that Russell's property, a motel, was a good piece of business property but that some of the cabins were on Dragos' land and that Dragos would sell Brimhall the land needed to round out the property. There was much other testimony respecting actions by Dragos to discourage purchasers, and testimony of a quarrel between Lewis and Dragos on one occasion. Suffice it to say that the defendant denied the occurrence of most of the incidents or put them in a different light altogether. In any event it appeared to the trial court either that there was a bona fide boundary dispute between defendant and Russell at the time of the difficulties which occasioned this action, or that the trial court accepted defendant's version of the evidence.

We believe that even if the trial court rested its decision solely upon the proposition that the boundary dispute between the adjoining owners was not settled, its decision is correct. As the trial court understood the decision of this Court in Dragos v. Russell, the boundary was generally determined by this Court which ordered the District Court to proceed further to actually locate the line upon the ground. As of the time when the cause of action, if any, arose in this case, the line as determined by the District Court had been described; however, the parties were still in dispute as to the correctness of the holding of the Dis-

1. Dragos v. Russell, Utah, 237 P.2d 831.

2. Case No. 7895.

330

trict Court and an appeal was again taken and the matter is still in litigation. Under these circumstances, we feel that such statements made by one of the litigants concerning the subject matter of litigation are not and should not be construed as a slander of title nor a tortious interference with a possible contractual right of a stranger to the title.

WOLFE, C. J., being disqualified, did not participate herein.